## Collins & a. *vs.* Brigham & a. & Trustee.

Certain creditors of the defendants having attached their property, it was, after the attachment, in pursuance of a written agreement, signed by the plaintiffs, the defendants, and the trustee, put into his hands to sell, and apply the proceeds to the satisfaction of the executions that might be recovered, in the order of the attachments. After the agreement was made, but before the property came into his hands, this process was served upon the trustee. Upon receiving the property, he disposed of it according to the agreement.

*Held,* that the attachments were not dissolved by these proceedings, and that the trustee was not chargeable.

FOREIGN ATTACHMENT. It appeared, from the disclosure

of the alleged trustee, that prior to the 13th day of July, 1838, certain creditors of the defendants had attached their personal property, and on that day a written agreement was made and signed by the attaching creditors, the defendants, and Paige the trustee, providing that Paige should take the possession and control of the property, and sell it in such time and manner as he should judge to be for the mutual interest of the parties; and should appropriate the monies arising from such sale, after deducting a reasonable compensation for his time and expenses, to the satisfaction, in the order of the attachments, of such executions as the creditors might recover in the actions in which the attachments were made. And the property was thereby assigned and transferred to Paige for that purpose, and he agreed to fulfil the trust aforesaid.

The writ in this case was served upon the trustee after the attachments were made, but before he took possession of the property, which was not until the 28th day of July, 1838; and at the time of the service upon the trustee he had no property of the defendants in his possession. Upon receiving the property, he disposed of it by private sale and by auction, and paid the proceeds to the attaching creditors, in the order of their attachments, according to the agreement.

*Prentiss, & B. M. Farley,* for the plaintiffs.

*C. H. Atherton,* for the trustee.

GILCHRIST, J. As the trustee had not, at the time of the service of the process upon him, any effects of the defendants in his hands, he cannot be charged, unless the subsequent receipt of the property by him, under the agreement, during the pendency of the trustee process, vacated the attachments, and gave the plaintiffs a right to the property, to the exclusion of the attaching creditors.

The agreement, in substance, provides that Paige should sell the property and apply the proceeds to the satisfaction of the executions, in the order of the attachments. It would have become the duty of the sheriff so to do, at a proper time, if no agreement had been made ; and he might, with the assent of the parties, have sold the property at private sale, or by auction, as Paige was authorized to do. The only alterations, then, made by the agreement, were the substitution of Paige for the officer, and the authority to him to sell at public or private sale.

The plaintiffs having no lien on the property at the time of the attachment, all those who had an interest in it after the attachment, united in a transfer to Paige. What duties and liabilities did his situation as agent for these parties impose upon Paige ?

He was answerable both to the defendants and to the attaching creditors, for his conduct in relation to the property. The defendants had an interest, because, notwithstanding the attachment, they still remained the general owners. The creditors, by the attachment, acquired no property, but a lien only. *Fettyplace* vs. *Dutch*, 13 *Pick.* 388 ; *Denny* vs. *Willard*, 11 *Pick.* 525 ; *Goddard* vs. *Perkins*, 9 *N. H. Rep.* 488.

Being the general owners, the defendants were entitled to have the property fairly appropriated towards the payment of the debts of the attaching creditors. The surplus, if any, after payment of these debts, belonged to them or to their other creditors. But they had no rights, excepting such as were subsidiary to these attachments. The rights of the creditors were paramount to those of the defendants. They might have refused their assent to this transfer, but that would not impair the rights of the creditors. They, then, in their capacity as general owners, assented to the deposit of the property in the hands of Paige, who was to account to them, as well as to the creditors.

We do not see on what ground it can be maintained that the creditors, by assenting that Paige should act as the agent

of all concerned, in selling the property, have lost the lien created by their attachments. The property did not return into the possession of the defendants, so as to authorize another officer to attach it. Nor does any reason occur to us why the creditors and the defendants could not make a bailee of the property. He might have been the bailee by appointment of the officer, and the parties might have given him the same authority to sell, as it was competent for them to give to the sheriff.

The object which the parties had in view was to enable the creditors to apply the proceeds of the property to the payment of their demands, and thus to realize some benefit from their attachments. The course adopted for this purpose misled no one, and interfered with the rights of no one. Under these circumstances, we cannot suppose that they intended to release their lien, when their whole purpose was to adopt a simple and expeditious course to reap the benefit of it. That the agent whom they selected had been summoned as trustee in this suit, cannot alter the case. It did not relieve him of his obligation to perform the contract into which he had entered. He received property of the defendants, it is true, but it was upon the express trust to dispose of it, and discharge the liens upon it. The suits were not to be discontinued, nor were they in fact discontinued, but remained in court until final judgments were obtained.

Paige was, therefore, the agent of the creditors, to sell the property and account for the proceeds to them, with the assent of the defendants. And we are of opinion that he has had no property of the defendants in his hands for which he was bound to account, otherwise than according to the agreement.

*Trustee discharged.*